## J. R. COGGINS vs. THE STATE.

### COURT OF APPEALS; AUSTIN TERM, 1882.

*Trespass—Turning Stock into Enclosure—Landlord and Tenant.—* Where a tenant rents a portion of the enclosed field, after the crops are gathered and before the expiration of his lease, a prosecution against him for turning stock upon the land cannot be maintained, He had a perfect right to such use of the land rented, for grazing purposes, unless there was a contract to the contrary.

Appeal from Collin county.

Opinion by Hurt, J.

The appellant, J. R. Coggins, was convicted of knowingly causing horses to go within the inclosed land of another, without his consent. Act approved April 23, 1873, pp. 41-42.

From the statement of facts we learn that the appellant rented of the prosentor, any amount of land desired, for twelve months, beginning on the first day of January, 1881. The land rented by the defendant was enclosed by a fence which inclosed other land, not rented by defendant. Or in other words, the defendant did not rent all the land inclosed by the fence which inclosed his land. There was no cross fence between his land and that not rented by him. The crops had been gathered from all of the land inclosed. The question presented for our decision is this: When the defendant turned his horses in the field, was he causing the horses to go within the enclosed lands of *another?* Most clearly not. He had a perfect right to use that land until the expiration of his term. Upon this subject Mr. Taylor in his work on landlord and tenant says: "After taking possession the tenant is at once invested with all the rights incident to possession, and is entitled to the use of all the privileges and easements appurtenant to the tenement, and to take such reasonable estovers and emblements as are attached to the estate, unless restrained by special agreement. He may maintain an action against any person who disturbs his possession or trespasses upon his premises, though it be the landlord himself, who has in general no right to enter and repair, unless there be a stipulation to that effect or the repairs are necessary to prevent waste. If a stranger enters and commits waste the tenant will still be liable to an action for that waste by his landlord, and will be left to his remedy over against the stranger. And even after his term has expired he may still recover damages for an injury sustained during its continuance." Taylor on Landlord and Tenant, § 178, p. 127.

In the absence of a contract to the contrary, the tenant, the defendant in this case, had the same right to occupy, to use and graze the land, during his term, as if he were the owner. In fact for these purposes, the land belonged to him until the expiration of his term. If we be correct in this position the judgment must be reversed and the prosecution dismissed, the evidence showing that there was no contract forbidding the tenant the right to graze the premises rented. The judgment is reversed and the cause dismissed.